# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51596

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 17, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CURTIS RAY COE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction for possession of drug paraphernalia, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Curtis Ray Coe appeals from his judgment of conviction for possession of drug paraphernalia. Coe argues the district court erred in allowing an officer to testify how methamphetamine is injected and what methamphetamine looks like when the officer was not disclosed as an expert witness. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Rush contacted Coe, who had been sitting on a large rock near a church. After Officer Rush identified Coe, he was arrested on outstanding warrants. Officer Rush searched Coe incident to arrest and found methamphetamine, marijuana, and syringes. The State charged Coe with possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. The State later alleged that Coe is a persistent violator of the law.

1

At trial, Officer Rush testified that he suspected the syringe he found with the methamphetamine to be "drug paraphernalia used to inject methamphetamine." When asked if he was familiar with "how methamphetamine users use a syringe to inject" methamphetamine, Officer Rush testified that he was, although not through "direct experience" but by "talk[ing] with drug users." The State then asked: "[C]an you explain either one or a few of those ways in which they do that[?]" Coe objected, stating only "702." The district court overruled the objection, and Officer Rush testified that one of the ways to use a syringe is to dissolve the methamphetamine into a liquid, then draw it up through a syringe, and then inject that liquid. Officer Rush also testified that one of the two syringes he found in Coe's backpack "appeared to be brand new," while the other "appeared used and had crystalline white substance that was consistent with methamphetamine." Coe objected, stating: "Speculation. Foundation." The district court overruled the objection. The jury found Coe guilty of possession of drug paraphernalia (Idaho Code § 37-2734A(1)).[1] Coe appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). The decision to admit opinion testimony, whether lay opinion or expert opinion, rests within the discretion of the lower court, while the determination of its weight lies with the jury. *State v. Smith*, 170 Idaho 800, 814, 516 P.3d 1071, 1085 (2022).

## III.

## ANALYSIS

On appeal, Coe argues that the district court abused its discretion by admitting expert testimony at trial without adequate notice or foundation. Coe requests this Court vacate his

---

[1] Coe was also found guilty of possession of methamphetamine, possession of marijuana, and the persistent violator enhancement; however, he does not challenge these convictions on appeal.

conviction for possession of drug paraphernalia and remand his case for further proceedings. The State argues that Coe has failed to show that Officer Rush's testimony was controlled by Idaho Rule of Evidence 702, and Coe has therefore failed to show any error in the district court overruling his objections. Alternatively, the State argues that any error in the admission of the evidence was harmless.

A lay witness may testify to an opinion or inference only if it is rationally based on a witness's perception and if it is not reached through a special mode of reasoning, i.e., the application of scientific, technical, or other specialized knowledge within the scope of I.R.E. 702. *Smith*, 170 Idaho at 817, 516 P.3d at 1088. When either element is missing, if the opinion is to be admitted at all, it must satisfy the requirements for expert testimony. *Id*. In *Smith*, the Idaho Supreme Court explained that lay testimony is based on the ordinary experience of the average person and that it results from a process of reasoning familiar in everyday life. *Id*. The Court emphasized that the testimony must be able to be drawn following observation by any person possessing a generally present background, i.e., common knowledge. *Id*.

In this case, the district court did not err in overruling either of Coe's objections. As to both how methamphetamine users use a syringe to inject methamphetamine and what methamphetamine looks like, Officer Rush did not need to rely on special modes of reasoning, i.e., scientific, technical, or specialized knowledge.

Officer Rush's opinion was admissible under I.R.E. 701. Idaho Rule of Evidence 701 has three requirements for the admission of lay opinion testimony and reads in full as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion or inference is limited to one that is:
> (a)    rationally based on the witness's perception;
> (b)    helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c)    not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Officer Rush's testimony was based on his perception and was helpful to determine a fact at issue, i.e., whether Coe possessed methamphetamine and paraphernalia. Testimony regarding that methamphetamine is dissolved in a liquid so it can be injected with a syringe or what methamphetamine looks like was not based on scientific, technical, or specialized knowledge. Officer Rush may have been privy to more information about drugs and drug use from his time as

3

an officer, but his observations and testimony did not require special modes of reasoning. Officer Rush has a job that brings him into contact with methamphetamine users, from whom he has learned some aspects of how they use methamphetamine. Such knowledge does not render his objected-to testimony as expert testimony governed by I.R.E. 702.

Coe cites to *State v. Dacey*, 169 Idaho 102, 491 P.3d 1205 (2021), in support of his argument that the district erred in allowing Officer Rush's testimony. In *Dacey*, the Idaho Supreme Court held that a drug recognition enforcement (DRE) officer must be disclosed as an expert witness. In part, the Court held that the district court abused its discretion when it allowed the DRE officer to testify to a matter that went beyond the officer's own rational perception and that of common understanding, thus, permitting the officer to testify without full disclosure as an expert witness. *Id.* at 110-11, 491 P.3d at 1213-14. Officer Rush's testimony was not that of a DRE officer. Officer Rush's testimony did not exceed common understanding or go beyond his rational perception as a lay witness in a particular context.

Coe has failed to show that Officer Rush's testimony was controlled by I.R.E. 702. Coe has therefore failed to show any error in the district court overruling his objections. Because Officer Rush's testimony was not expert testimony under I.R.E. 702, the State was not required to provide notice under Idaho Criminal Rule 16(b)(7). Thus, the district court did not err in allowing the admission of the officer's testimony.

## IV.

## CONCLUSION

The district court did not err in overruling Coe's trial objections. Therefore, Coe's judgment of conviction for possession of drug paraphernalia is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

4